UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JERROLD EUGENE DUBOSE , <br><br> Plaintiff, <br><br> -against- <br><br> UNITED STATES OF AMERICA; THE UNITED KINGDOM; DONALD JOHN TRUMP; THE VATICAN; SOTHEBY'S; CHARLES V; JOHN HARDY HAWKINS, JR., ET AL., <br><br> Defendants. | 26-CV-1006 (LLS) <br><br> ORDER OF DISMISSAL |

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Court's federal question jurisdiction, alleging violations of his "civil rights." (ECF 1 at 2.) By order dated February 17, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special

solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted))

## BACKGROUND

Plaintiff Jerrold Eugue Dubose, a resident of Brooklyn, New York, filed this complaint against the United States of America, the United Kingdom, Donald John Trump, the Vatican; Sotheby's; Charles V; and John Hardy Hawkins, Jr. and their "heirs, beneficiaries, subsidies, and subjects," "including, but not limited to all presidents" of the United States and "all financial investment and commercial foreign and domestic banks, Wall Street and bond share holders such as follows…"[1] (ECF 1 at 9-10.) He then list 130 additional Defendants within the complaint, including financial entities, political figures, and various wealthy individuals and families. (*Id.* at 10-16.)

According to Plaintiff, the events giving rise to this complaint occurred between "1555–present," in "America/Africa." (*Id.* at 5.) He does not provide facts regarding the events giving

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

rise to this action, but he claims that he has suffered "PTSD, "undue harm, undue influence, malice, undue enrichment," and he seeks $100 trillion in reparations for "war crimes against humanity" and for "slavery," or "whatever Supreme Court Justice Honorable Sonia Sotomayor deems just and fair under the eyes of the law." (*Id.* at 6, 18.)

## DISCUSSION

Plaintiff's complaint is a list of political figures, domestic and foreign banks, and wealthy individuals and families, and a demand for "reparations" for slavery and "war crimes." (ECF 1 at 6, 18.) Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, there is no factual predicate or legal theory on which he can rely, *see Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court therefore dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:    May 14, 2026
          New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.

3